Paul R. Gupta (PG 3139)
Clifford R. Michel (CM 9135)
ORRICK, HERRINGTON &
SUTCLIFFE, LLP
666 Fifth Avenue
New York, New York 10103
Tel: 212-506-5000
Fax: 212-506-5151
pgupta@orrick.com
crmichel@orrick.com

**06 5915**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   NOV 0 1 2006   ★

BROOKLYN OFFICE

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK

------------------------------------ X

NCR CORPORATION,

       Plaintiff,

vs.

SYSTEMAX INC.,

       Defendant.

------------------------------------ X

**COMPLAINT**

DEMAND FOR JURY TRIAL

**SPATT, J.**

**ORENSTEIN, M.J.**

Plaintiff NCR Corporation ("Plaintiff" and "NCR"), as and for its as and for its Complaint against Defendant Systemax Inc. ("Defendant" and "Systemax"), by its undersigned counsel, hereby alleges as follows:

### PARTIES

1. Plaintiff NCR Corporation is a Maryland corporation with its principal place of business located at 1700 South Patterson Boulevard, Dayton, Ohio 45479-0001.

2. On information and belief, Defendant Systemax Inc. is a Delaware corporation with its principal place of business located at 11 Harbor Park Drive, Port Washington, New York 11050.

OHS East:160089255

## JURISDICTION

3.  The following claims for patent infringement arise under the Patent Laws of the United States, 35 U.S.C. §§ 281 *et seq.* This Court has jurisdiction over the subject matter of these claims pursuant to 28 U.S.C. § 1338(a).

## VENUE

4.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b), because the Defendant resides in this district.

## STATEMENT OF FACTS

5.  Plaintiff NCR is the owner by assignment of the following patents (referred to collectively below as the "NCR Patents"):

    a.  U.S. Patent No. 5,699,526 (the "'526 Patent"), issued on December 16, 1997, entitled "Ordering and Downloading Resources from Computerized Repositories";

    b.  U.S. Patent No. 5,951,643 (the "'643 Patent"), issued on September 14, 1999, entitled "Mechanism for Dependably Organizing and Managing Information for Web Synchronization and Tracking among Multiple Browsers";

    c.  U.S. Patent No. 6,169,997 (the "'997 Patent"), issued on January 2, 2001, entitled "Method and Apparatus for Forming Subject (Context) Map and Presenting Internet Data According to the Subject Map";

    d.  U.S. Patent No. 6,253,203 (the "'203 Patent"), issued on June 26, 2001, entitled "Privacy-Enhanced Database";

    e.  U.S. Patent No. 6,480,855 (the "'855 Patent"), issued on November 12, 2002, entitled "Managing a Resource on a Network where Each Resource Has an Associated Profile with an Image";

f. U.S. Patent No. 6,502,096 (the "'096 Patent"), issued on December 31, 2002, entitled "Computerized Asset Management System"; and

g. U.S. Patent No. 6,519,600 (the "'600 Patent"), issued on February 11, 2003, entitled "Computerized Asset Management System".

6. Systemax directly and/or through subsidiary companies, owns and operates Internet websites at TigerDirect.com and SystemaxPC.com, among others (the "Websites").

7. Systemax by its design, manufacture or construction of the Websites and/or the supporting systems, and/or by its use and operation of the Websites, and/or by performing certain methods in connection with the operation of the Websites, has infringed and continues to infringe one or more claims of each of the NCR Patents. The Websites, including the system or systems, hardware, data, firmware, and software that constitute the Websites or make the operation of the Websites possible, are referred to herein as the "Accused Systems".

## FIRST CLAIM FOR RELIEF
(Infringement of U.S. Patent No. 5,699,526)

8. Plaintiff NCR incorporates by reference the factual allegations set forth in paragraphs 1 - 7 above as if set forth herein in full.

9. Plaintiff NCR states that, to the best of its knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it will likely be able to prove fully after a reasonable opportunity for further investigation or discovery that:

(a) In violation of 35 U.S.C. § 271(a), (b), and/or (c), Defendant Systemax has infringed and is infringing the '526 patent by making, using, selling, or offering to sell the inventions protected by one or more claims of the '526 patent and/or has induced or contributed to infringement of the '526 patent;

(b) Defendant Systemax's infringement of NCR's '526 patent as set forth herein has been and is deliberate and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285; and

(c) The infringement by Systemax of NCR's '526 patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
(Infringement of U.S. Patent No. 5,951,643)

10. Plaintiff NCR incorporates by reference the factual allegations set forth in paragraphs 1 - 9 above as if set forth herein in full.

11. Plaintiff NCR states that, to the best of its knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it will likely be able to prove fully after a reasonable opportunity for further investigation or discovery that:

(a) In violation of 35 U.S.C. § 271(a), (b), and/or (c), Defendant Systemax has infringed and is infringing the '643 patent by making, using, selling, or offering to sell the inventions protected by one or more claims of the '643 patent and/or has induced or contributed to infringement of the '643 patent;

(b) Defendant Systemax's infringement of NCR's '643 patent as set forth herein has been and is deliberate and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285; and

(c) The infringement by Systemax of NCR's '643 patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
(Infringement of U.S. Patent No. 6,169,997)

12.     Plaintiff NCR incorporates by reference the factual allegations set forth in paragraphs 1 - 11 above as if set forth herein in full.

13.     Plaintiff NCR states that, to the best of its knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it will likely be able to prove fully after a reasonable opportunity for further investigation or discovery that:

    (a)     In violation of 35 U.S.C. § 271(a), (b), and/or (c), Defendant Systemax has infringed and is infringing the '997 patent by making, using, selling, or offering to sell the inventions protected by one or more claims of the '997 patent, and/or has induced or contributed to infringement of the '997 patent;

    (b)     Defendant Systemax's infringement of NCR's '997 patent as set forth herein has been and is deliberate and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285; and

    (c)     The infringement by Systemax of NCR's '997 patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
(Infringement of U.S. Patent No. 6,253,203)

14.     Plaintiff NCR incorporates by reference the factual allegations set forth in paragraphs 1 - 13 above as if set forth herein in full.

15.     Plaintiff NCR states that, to the best of its knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it will likely be able to prove fully after a reasonable opportunity for further investigation or discovery that:

    (a)     In violation of 35 U.S.C. § 271(a), (b), and/or (c), Defendant Systemax has infringed and is infringing the '203 patent by making, using, selling, or offering to

sell the inventions protected by one or more claims of the '203 patent, and/or has induced or contributed to infringement of the '203 patent;

    (b)    Defendant Systemax's infringement of NCR's '203 patent as set forth herein has been and is deliberate and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285; and

    (c)    The infringement by Systemax of NCR's '203 patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

### FIFTH CLAIM FOR RELIEF
(Infringement of U.S. Patent No. 6,480,855)

16. Plaintiff NCR incorporates by reference the factual allegations set forth in paragraphs 1 - 15 above as if set forth herein in full.

17. Plaintiff NCR states that, to the best of its knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it will likely be able to prove fully after a reasonable opportunity for further investigation or discovery that:

    (a)    In violation of 35 U.S.C. § 271(a), (b), and/or (c), Defendant Systemax has infringed and is infringing the '855 patent by making, using, selling, or offering to sell the inventions protected by one or more claims of the '855 patent and/or has induced or contributed to infringement of the '855 patent;

    (b)    Defendant Systemax's infringement of NCR's '855 patent as set forth herein has been and is deliberate and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285; and

    (c)    The infringement by Systemax of NCR's '855 patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF
(Infringement of U.S. Patent No. 6,502,096)

18. Plaintiff NCR incorporates by reference the factual allegations set forth in paragraphs 1 - 17 above as if set forth herein in full.

19. Plaintiff NCR states that, to the best of its knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it will likely be able to prove fully after a reasonable opportunity for further investigation or discovery that:

    (a) In violation of 35 U.S.C. § 271(a), (b), and/or (c), Defendant Systemax has infringed and is infringing the '096 patent by making, using, selling, or offering to sell the inventions protected by one or more claims of the '096 patent and/or has induced or contributed to infringement of the '096 patent;

    (b) Defendant Systemax's infringement of NCR's '096 patent as set forth herein has been and is deliberate and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285, and

    (c) The infringement by Systemax of NCR's '096 patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

## SEVENTH CLAIM FOR RELIEF
(Infringement of U.S. Patent No. 6,519,600)

20. Plaintiff NCR incorporates by reference the factual allegations set forth in paragraphs 1 - 19 above as if set forth herein in full.

21. Plaintiff NCR states that, to the best of its knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it will likely be able to prove fully after a reasonable opportunity for further investigation or discovery that:

    (a) In violation of 35 U.S.C. § 271(a), (b), and/or (c), Defendant Systemax has infringed and is infringing the '600 patent by making, using, selling, or offering to

sell the inventions protected by one or more claims of the '600 patent, and/or has induced or contributed to infringement of the '600 patent;

(b) Defendant Systemax's infringement of NCR's '600 patent as set forth herein has been and is deliberate and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285; and

(c) The infringement by Systemax of NCR's '600 patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE,** NCR requests judgment:

(a) That each of the NCR Patents, and claims thereof, are valid and enforceable;

(b) That Systemax has infringed one or more of the claims of each of the NCR Patents and that its infringement has been willful;

(c) That NCR has been irreparably harmed by the infringing activities of Systemax;

(d) That Systemax, its officers, agents, servants, employees and those persons in active concert or participation with any of them, as well as all successor or assignees of the interests or assets related to the Accused Systems, be preliminarily and permanently enjoined from further infringement of the NCR Patents;

(e) That an accounting be had for the damages caused to NCR by the infringing activities of Systemax;

(f) That NCR be awarded damages adequate to compensate for Systemax's infringement, which shall include lost profits but in no event shall be less than a reasonable royalty for the use made of the inventions of the NCR Patents by Systemax including pre- and post-judgment interest, and costs, including expenses;

(g) That, once actual damages are assessed, damages so ascertained be trebled in view of the willful and deliberate nature of the infringement and be awarded to NCR, with interest;

(h) That this be declared an exceptional case and that NCR be awarded its attorneys' fees; and

(i) That NCR be awarded such further necessary or proper relief as this Court may deem just.

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, NCR hereby demands a trial by jury of all issues so triable.

Dated: New York, New York
November 1, 2006

/s/ Paul R. Gupta

Paul R. Gupta (PG 3139)
Clifford R. Michel (CM 9135)
ORRICK, HERRINGTON &
SUTCLIFFE, LLP
666 Fifth Avenue
New York, New York 10103
Tel: 212-506-5000
Fax: 212-506-5151
pgupta@orrick.com
crmichel@orrick.com